John Real, Appellant, *v.* Joseph Curran, as President of the National Maritime Union of America, et al., Respondents.

First Department, March 15, 1955.

*Louis Friedman* for appellant.

*Eugene N. Sosnoff* of counsel (*Cooper, Ostrin & De Varco,* attorneys), for respondents.

BREITEL, J. Plaintiff, an expelled member of defendant maritime union, appeals from a judgment, on defendants' motion, dismissing the complaint, for lack of jurisdiction over the subject matter. The complaint sought restoration to membership in the union and damages. Special Term, in dismissing the complaint, was of the view that an unlawful deprivation of membership constituted a union unfair labor practice within section 8 (subd. [b], par. [2]) of the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 158, subd. [b], par. [2]) and that plaintiff's remedy, if any, was within the exclusive jurisdiction of the National Labor Relations Board.

According to the allegations of the complaint, accepted as true on defendants' motion to dismiss, plaintiff, a steward, has, since 1944, been a member in good standing of defendant union. Under the union's constitution: " Any member * * * found guilty by any court of law *during such period of membership* of committing offenses involving the possession, sale or use of narcotics * * * shall stand automatically suspended from the union." (Emphasis supplied.) Plaintiff had in 1939, nearly five years prior to membership, been convicted in a Federal court of a narcotics charge. This was his only such conviction.

In June, 1954, plaintiff was notified by the union that in 1939 he had been found guilty of " attempting to smuggle a very large quantity of opium into the United States on November 2, 1936." He then was expelled.

Plaintiff had been employed as a steward by the United States Lines on ships sailing between the United States and Europe. As a result of the expulsion, he was discharged and has been unable to obtain other employment. Consequently, he seeks judgment declaring void his expulsion and restoring him to membership; mandating the issuance to him of a union card; enjoining the union from representing that he is not a member in good standing and from directing other members to refuse to work with him; and awarding him the sum of $2,057.

Apart from the effect of Federal legislation, it has long been the law in this State that a wrongfully expelled member of a labor union is entitled to restoration to union membership and, in a proper case, damages for consequent loss of wages. (See, e.g., *Polin* v. *Kaplan*, 257 N. Y. 277, and *Browne* v. *Hibbets*, 290 N. Y. 459.)

Accordingly, the question narrows to whether the provisions of the Labor Management Relations Act, 1947, so far deal with the subject matter of this action as to exclude the State court

from its traditional jurisdiction. (See *United Workers* v. *Laburnum Corp.*, 347 U. S. 656, 663–665.)

The union contends that the conduct ascribed to it by plaintiff constitutes an unfair labor practice for the redress of which the National Labor Relations Board has exclusive jurisdiction. Concededly, if the board has power to grant complete relief to plaintiff, Special Term properly resolved the issues tendered by this case. (*United Workers* v. *Laburnum Corp.*, *supra*.)

Subdivision (a) of section 10 of the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 160, subd. [a]) provides that: " The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 8) affecting commerce." Assuredly, if an unfair labor practice is involved in this case, it affects commerce as defined in the act. (U. S. Code, tit. 29, § 152, subds. [6], [7].)

Section 8 (subd. [b], par. [2]) of the act (U. S. Code, tit. 29, § 158, subd. [b], par. [2]) provides that it is an unfair labor practice for a labor organization: " to cause or attempt to cause an employer * * * to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership ".

Since plaintiff was expelled because of his conviction of a crime involving narcotics, if the union caused or attempted to cause an employer to discriminate against him, there is a violation of the section. If the union caused or attempted to cause plaintiff's discharge from his existing employment with the United States Lines, as is alleged — either by hiring procedures, or by causing union members not to work with him — it has committed an unfair labor practice within the contemplation of the section, and the National Labor Relations Board can direct the union to cease and desist from such conduct. In addition, the board can order the union to compensate plaintiff for loss of earnings, with or without reinstatement to his job. (*Radio Officers* v. *Labor Bd.*, 347 U. S. 17; *Union Starch & Refining Co.* v. *National Labor Relations Bd.*, 186 F. 2d 1008, certiorari denied 342 U. S. 815; *National Labor Relations Bd.* v. *International Union*, 194 F. 2d 698; *National Labor Relations Bd.* v. *Kingston Cake Co.*, 191 F. 2d 563; *National Labor Relations Bd.* v. *Auchter Co.*, 209 F. 2d 273, 276; *National Labor Relations Bd.* v. *Bell Aircraft Corp.*, 206 F. 2d 235; *National Labor Relations Bd.* v. *Philadelphia Iron Works*, 211 F. 2d 937; *Pen & Pencil Workers*

*Union,* 91 N. L. R. B. 883.) Moreover, even if the union's conduct was limited to that of causing or attempting to cause a prospective employer to discriminatorily refuse to employ plaintiff, the same consequences follow. (*Radio Officers* v. *Labor Bd., supra*; *National Labor Relations Bd.* v. *Auchter Co., supra.*)

Under the statute and authorities cited, the National Labor Relations Board has power to provide two of the three branches of relief sought by plaintiff, namely, compensation for loss of wages caused by the union and a direction that the union refrain from causing his nonemployment. The question remains whether the board has the power to compel his restoration to union membership. Arguably, it could do so under its broad power, contained in subdivision (c) of section 10 (U. S. Code, tit. 29, § 160, subd. [c]), to grant affirmative relief. (Cf. *Born* v. *Laube,* 213 F. 2d 407, rehearing denied 214 F. 2d 349, certiorari denied, 348 U. S. 855.) But we think it cannot. In the cases cited above, a number involved expulsions or suspensions, but the board refrained from restoring union membership. It limited relief to job reinstatement and damages.

We think the board cannot restore plaintiff's union membership because its power to direct affirmative action is dependent upon its finding of an unfair labor practice. But, it is not merely the expulsion, be it justifiable or wrongful, that constitutes an unfair labor practice under section 8 (subd. [b], par. [2]). It is the causing or attempting to cause the employer to discriminate against an employee — whether he is in good standing, or suspended or expelled from the union — that brings the board's power into play. (*Mahoney* v. *Sailors' Union of Pacific,* 275 P. 2d 440.) The board is not concerned with the union's motivation or the basis, no matter how reasonable, for causing the employer to discriminate, so long as nonpayment of dues or initiation fees is not involved. (*Union Starch & Refining Co.* v. *National Labor Relations Bd.,* 186 F. 2d 1008, certiorari denied 342 U. S. 815, *supra.*) Admittedly, the *Union Starch* case involved an employee seeking to acquire membership, but the very language of section 8 (subd. [b], par. [2]) indicates that denial and termination of membership are to be similarly treated.

Since the reasons — good or bad — for the expulsion are not the basis for, or relevant to, a finding of an unfair labor practice by the union, the board will not order restoration of plaintiff to union membership. Moreover, as already noted, it did not do so in any of the cases mentioned earlier.

In addition, section 8 (subd. [b], par. [1], cl. [A]) (U. S. Code, tit. 29, § 158, subd. [b], par. [1], cl. [A]) contains a proviso that " this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein ". Although in form applicable only to section 8 (subd. [8], par. [1], cl. [A]), this provision seems to make clear Congress' unconcern with internal rules governing membership in a union or their application, rightly or wrongly, to particular members. (Cf. *International Typographical Union,* 86 N. L. R. B. 951, 957.)

It is, therefore, concluded that the provisions of the Labor Management Relations Act, 1947, do not exclude the State courts from their traditional jurisdiction to restore to membership a wrongfully expelled member of the union. The fact that plaintiff has requested relief which the court should or could not grant, does not necessarily deprive the court of jurisdiction. Thus, in *Mahoney* v. *Sailors' Union of Pacific (supra)* it was found that the union's conduct constituted a violation of section 8 (subd. [b], par. [2]), for the redress of which the board had exclusive jurisdiction. The State court, nevertheless, refused to dismiss the suit, for the reason that it had jurisdiction to order the plaintiff's restoration to union membership, a remedy which, the court observed, the Board could not award. It is sufficient to sustain jurisdiction that plaintiff alleges a cause of action within the court's power and seeks relief that it is competent to award. (*Newman* v. *Baltimore & O. R. Co.,* 191 F. 2d 560.)

Of course, all that is passed on at this time are the matters raised in the pleadings in their present form. Nor are there before the court any other grounds for expulsion that may exist under article 23 of the union's constitution, as may be developed in this action or as a result of any future proceeding that the union may be advised to bring.

Accordingly, the judgment should be reversed and the motion to dismiss the complaint should be denied, with costs to appellant.

CALLAHAN, J. P., BASTOW, BOTEIN and RABIN, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and the motion to dismiss the complaint denied.