Vincent A. Lupiano, J.
This is an action which the defendants assert is based upon alleged discriminatory practices under the National Labor Relations Act (§ 1 et seq.; § 8, subd. [b]) as amended by the Labor Management Relations Act (§ 1 et seq.; U. S. Code, tit. 29, §§ 141-187; § 158, subd. [b]).
The plaintiff asserts that he was expelled from union membership without due process, that is, that he was not accorded a fair hearing before the union, that he was “ denied the opportunity of cross-examining the complainant and the witnesses who appeared against him ”, and subjected to a “ secret trial ”, also that testimony was given against him “in a foreign language which * * * (he) did not understand and which was not interpreted to him ”. Various other specifications of unfairness are alleged in the complaint. The plaintiff asserts that a result of his expulsion from the defendant union without justification he was deprived of the opportunity of employment.
This action for money damages is brought against the defendant union and against the plaintiff’s former employer. As to the latter the complaint contains the following allegations: < ‘ That the defendant-employer violated applicable provisions of the Taft-Hartley Law in that it did * * * wrongfully *299 and unlawfully discharge plaintiff from his employment as aforesaid for reasons for which a Union member would not have been discharged, thus discrimination against plaintiff by defendant-employer was the result of his expulsion from the Union aforesaid, and was intended to encourage membership in the defendant Union ”. The complaint seeks equitable relief, to wit, that the plaintiff be reinstated as a member of the defendant union and that he be reinstated in his employment “ with back pay, seniority rights and all other rights as though he had never been discharged ”. The plaintiff also seeks money damages in the sum of $50,000 for alleged conspiracy between the union and the defendant-employer to deprive him of union membership and of his employment and of “ his rights and benefits under the Taft-Hartley Act ’ The plaintiff also asserts that he sustained not merely loss of earnings as a result of his discharge but also that he was subjected to “ mental and physical suffering and anguish ” and “ humiliation ” and “ has been effectively deprived of the means of earning a livelihood It is necessary to consider Machinists v. Gonzales (356 U. S. 617) which would seem to be the only case having immediate pertinency to this complaint, which the defendants, the union and plaintiff’s former employer, have moved to dismiss under rules 106 and 107 of the Rules of Civil Practice upon the asserted grounds “that this Court has no jurisdiction of the subject matter of this action for the reason that the matters alleged in the amended complaint (that which is presently before the court) and the relief sought therein are exclusively within the jurisdiction of the National Labor Relations Board.”
In the cited case (Machinists v. Gonzales, supra, p. 618) the jurisdiction of the State courts of California was upheld, in a divided decision, by the United States Supreme Court for the basic reason that “ (T)he crux of the claim sustained by the California court was that under California law membership in a labor union constitutes a contract between the member and the union-, the terms of which are governed by the constitution and bylaws of the union, and that state law provides, through mandatory reinstatement and damages, a remedy for breach of such contract through wrongful expulsion ”. Mr. Justice Frankfurter, writing for the majority of the court,, adverted to the consideration that such “ contractual conception of the relation between a member and his union widely prevails in this country ” and also in England. This.“ conception ” has also been adopted in New York (see Madden v. Atkins, 4 N Y 2d 283, 295-296, citing among other, cases Polin v. Kaplan, 257 N. Y. 277, 281-282).
*300 That being so, the amended complaint, if read broadly and liberally construed, as it should be on a motion directed to its sufficiency or based upon jurisdictional grounds, should be interpreted as a cause of action for violation of the plaintiff’s contractual rights.
Although the averments of conspiracy add nothing to the amended complaint, nevertheless that pleading may also be broadly read as charging a prima facie tort by the defendant union and the defendant employer. I do not on this motion reach the question of the quantum of the plaintiff’s recovery nor need I now consider whether the amended complaint should have contained a separate cause of action for breach of contract and one sounding in tort, separately stated. Certainly this is not an artistic pleading and in some respects it is indefinite and uncertain. The averments of discriminatory practices in violation of the Taft-Hartley Act are surplusage and do not really belong in the complaint.
However, as the State courts do have power to direct reinstatement of a union member wrongfully expelled and to award damages for breach of contract and for acts which constitute torts under State law, I cannot agree that this court lacks jurisdiction of this action. Whatever may have been thought before the decision rendered on May 26, 1958, in Machinists v. Gonzales (supra), that case is now controlling, and to the extent that Costaro v. Simons (302 N. Y. 318) may be to the contrary, I am now required.to disregard it. As I am bound by the most recent decision of the United States Supreme Court I have reached the conclusion that the possible grounds of relief and recovery available to this plaintiff under this amended complaint are not such that the" National Labor Relations Board or the Federal courts have exclusive jurisdiction, even if the board could afford the plaintiff a remedy for violation of what is not merely a breach of contract and a tort under State law, but also “ an unfair labor practice ”.
Accordingly, the motion under rules 106 and 107 to dismiss the amended complaint for lack of jurisdiction of the subject matter of the action is denied. The defendants may answer or otherwise move with respect to the amended complaint, on grounds other than jurisdictional, within 20 days after service of a copy of this order with notice of entry thereof.