■ NOAH T. GREEN, Respondent, v. CHARLES B. FOLKS, as President of Local 431 of International Union of Electrical, Radio and Machine Workers, AFL-CIO, et al., Appellants.— Order, entered on September 29, 1960, denying motion of defendant Loral Electronics Corp. to dismiss amended complaint, unanimously reversed upon the law, with $20 costs and disbursements to appellant Loral Electronics Corp., and motion to dismiss said complaint as to said defendant is granted, with $10 costs. The order, entered September 29, 1960, denying motion of defendant Folks, as President of Local 431 of International Union of Electrical, Radio, and Machine Workers, unanimously reversed upon the law, without costs, and motion to dismiss said complaint as to said defendant is granted with leave, however, to the plaintiff to replead as to said defendant. We construe the complaint as one directed to recover damages for the alleged wrongful termination of the plaintiff's employment by defendant Loral Electronics Corp. stemming from the allegedly invalid expulsion of plaintiff from membership in defendant union. The complaint, however, expressly alleges that " both defendants were and are subject to the applicable provisions of the Labor Management Relations Act of 1947, commonly known as the Taft-Hartley Act." In the first cause of action, it is further specifically alleged " that the two defendants conspired with each other to deprive plaintiff of his Union membership, his employment, and his rights and benefits under the Taft-Hartley Act, all to plaintiff's damage ". And, in the second cause of action, it is alleged. " That defendant Employer violated applicable provisions of the Taft-Hartley Law in that it did, on or about the 6th day of June, 1958, wrongfully and unlawfully discharge plaintiff from his employment as aforesaid for reasons for which a union member would not have been discharged, thus discrimination against plaintiff by defendant Employer was the result of his expulsion from the Union aforesaid, and was intended to encourage membership in defendant Union." It is clear from the particuluar allegations of the complaint, construed as a whole, that the gravamen of plaintiff's causes are " unfair labor practices " as defined in the United States Labor Management Relations Act (see U. S. Code, tit. 29, § 158, subd. [a], par. [3]). Thus, the causes embrace a subject matter within the exclusive jurisdiction of the National Labor Relations Board; and the State courts lack jurisdiction thereof. (See *San Diego Unions* v. *Garmon*, 359 U. S. 236; *Costaro* v. *Simons*, 302 N. Y. 318; *Dooley* v. *Anton*, 8 N Y 2d 91; *Columbia Broadcasting System* v. *McDonough*, 8 A D 2d 695, affd. 6 N Y 2d 962; *Dempsey* v. *Great A. & P. Tea Co.*, 11 A D 2d 419.) It may be, however, that the plaintiff has a cause of action against the defendant local for wrongful expulsion from membership therein and to compel reinstatement thereto, and that such cause is independent of any unfair labor practice in connection with his particular employment by the defendant Loral Electronics Corp. This court would have jurisdiction of such a cause as against the defendant local (see *Machinists* v. *Gonzales*, 356 U. S. 617; *Real* v. *Curran*, 285 App. Div. 552) and he should be given leave to replead to set up such a

cause, if it exists. Concur — Breitel, J. P., Rabin, Stevens, Eager and Bastow, JJ. [27 Misc 2d 298.]