Owek MoGiverk, J.
This motion is to dismiss the second amended complaint upon the ground that the court has no jurisdiction of the subject matter of the action. Therein plaintiff alleges he was illegally expelled from the defendant union and seeks a judgment against the union declaring his ouster void, enjoining the withholding of membership, directing full reinstatement with all privileges and benefits, and awarding him consequential damages.
Upon a prior appeal by plaintiff against the former employer and the union (Green v. Folks, 27 Misc 2d 298, revd. 13 A D 2d 744), the Appellate Division dismissed the previous amended complaint on the ground that the court did not have jurisdiction of the subject matter of the action since the complaint was “ directed to recover damages for the alleged wrongful termi *92 nation of the plaintiff’s employment by [the employer] Loral Electronics Corp., stemming from the allegedly invalid expulsion of plaintiff from membership in defendant union.” However, the court further noted that the plaintiff may have a cause of action against the defendant local for wrongful expulsion from membership therein and to compel reinstatement thereto, and that such cause is independent of any unfair labor practice in connection with his particular employment by the defendant Loral Electronics Corp., and that this court would have jurisdiction of such a cause as against the defendant local, for which reason he should be given opportunity to replead so as to set up such a cause.
The plaintiff now bottoms his second amended complaint herein, away from a wrongful termination of his employment by the employer, and on his wrongful expulsion by the union.
The union contends that it is still ‘ ‘ directed to recover damages for the wrongful termination of plaintiff’s employment by Loral Electronics Corp., stemming from the alleged invalid expulsion of plaintiff from membership in defendant Union.” With this the court does not agree. The union may not escape its liability for the consequence of its illegal acts, by redress in the State courts, because, as a concomitant result, the plaintiff lost his job due to expulsion from the union (Green v. Folks, 13 A D 2d 744, supra).
The allegations of the complaint, by any fair inference, do not involve unfair labor practices so as to bring the action within the exclusive jurisdiction of the National Labor Relations Board. The State court has jurisdiction to restore to membership a wrongfully expelled member of the union and, in a proper case, to award damages for consequent loss of wages. (Real v. Curran, 285 App. Div. 552; Green v. Folks, supra; see, also, Machinists v. Gonzales, 356 U. S. 617.) The motion is denied.