[No. A022745. First Dist., Div. Five. June 7, 1984.]

JOHN WALLIN, Plaintiff and Appellant, v.
VIENNA SAUSAGE MANUFACTURING COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Joseph H. Inglese and Fred Keeperman for Plaintiff and Appellant.

Nicholas W. Heldt and Sedgwick, Detert, Moran & Arnold for Defendants and Respondents.

**OPINION**

**HANING, J.**—We hold that statements made by parties and witnesses during the course of grievance procedure hearings established by collective bargaining agreements and reviewable by mandate are absolutely privileged under Civil Code section 47, subdivision 2[1] against claims of defamation.

Plaintiff John Wallin appeals from a summary judgment in favor of defendants and from a denial of plaintiff's motion for new trial. Plaintiff's action against his former employer and its branch manager for slander and intentional infliction of emotional distress was based on statements made during the course of a grievance hearing.[2] The trial court agreed with defendants that the statements were absolutely privileged. Plaintiff contends the statements were covered only by a qualified privilege, which does not protect statements made with malice.

---

[1] All further statutory references are to the Civil Code, unless otherwise specified.

[2] We granted rehearing in this case due to uncertainty which arose concerning when and where the allegedly defamatory statements were made, and as to the procedural steps in the grievance proceeding.

After plaintiff was dismissed from his employment with defendant Vienna Sausage Manufacturing Company, he requested a meeting of the grievance committee for review of his dismissal. According to the collective bargaining agreement between Vienna and plaintiff's union, the employer was required to present to a grievance committee the reasons for plaintiff's termination together with supporting evidence. Present at the hearing were plaintiff, Robert Bartlett (Vienna's branch manager) and four members of the grievance committee. Both plaintiff and Bartlett presented evidence. Plaintiff testified, inter alia, as to his activities on a particular day in question prior to his termination. Bartlett requested a continuation of the hearing and, during the continued portion thereof, he stated that plaintiff's earlier testimony was false and presented documentary evidence to support his claim. The grievance committee voted to support plaintiff's dismissal.

Plaintiff thereafter filed this action for slander and intentional infliction of emotional distress, claiming that both the testimony and the evidence presented by Bartlett during the hearing were false and made with knowledge of their falsity, i.e., with malice. After hearing, the court awarded summary judgment to defendants, without a statement of its reasons.

■ The rules for review of summary judgments are well known and need no repetition. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 173 et seq.) Primary among them is the rule that summary judgment will not be sustained if triable issues of material fact exist. The parties concede the absence of factual disputes and acknowledge the issue to be one of law.

■ Section 47, subdivision 2, provides, in clause (4), an absolute privilege for a publication made "in the initiation or course of any other proceeding authorized by law and reviewable [by mandate]." ■ Section 47 was amended in 1979 to add the quoted language, apparently in response to the Supreme Court's decision in *Hackethal* v. *Weissbein* (1979) 24 Cal.3d 55 [154 Cal.Rptr. 423, 592 P.2d 1175, 9 A.L.R.4th 791]. *Hackethal* held that defamatory statements made during the course of a hearing before the judicial commission of a private medical society were not cloaked with the absolute privilege of section 47 as it then read (without clause (4) in subd. 2). The decision was announced in April 1979, and the bill[3] adding clause (4) to subdivision 2 of section 47 was amended in the Legislature immediately thereafter to provide the absolute privilege. The legislative digest of the bill before the Assembly Committee on Judiciary reveals that it was

---

[3]Assembly Bill No. 478 (McAlister), as amended May 14, 1979.

meant to establish the absolute privilege denied by the *Hackethal* decision.[4] Thus, the 1979 amendment of section 47 expanded its umbrella of absolute privilege to a host of quasi-judicial proceedings not deemed "official," and hence not previously protected thereunder. (See *Hackethal* v. *Weissbein, supra,* 24 Cal.3d 55.) The only requisites for protection are that the statements be made in the initiation or course of a proceeding authorized by law and reviewable by mandate.

■ Collective bargaining agreements and grievance machinery are not only authorized, but favored by the law (Lab. Code, § 923; *Posner* v. *Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 176, 180 [14 Cal.Rptr. 297, 363 P.2d 313]; *International Assn. of Bridge etc. Workers* v. *Superior Court* (1978) 80 Cal.App.3d 346, 352 [145 Cal.Rptr. 592]), and are enforceable at law or in equity. (Lab. Code, § 1126.) The vast majority of collective bargaining agreements contain grievance procedures which preclude discharge except for good cause. (See *Pugh* v. *See's Candies, Inc.* (1981) 116 Cal.App.3d 311, 320-321, fn. 5 [171 Cal.Rptr. 917].)

When grievance hearings result in the loss of fundamental vested rights, they are subject to review by mandate. ■ In *Anton* v. *San Antonio Community Hosp.* (1977) 19 Cal.3d 802 [140 Cal.Rptr. 442, 567 P.2d 1162], our Supreme Court extended the coverage of administrative mandamus (Code Civ. Proc., § 1094.5) to decisions of nongovernmental agencies. The Supreme Court held that except under certain conditions not relevant here, the statutory procedure of Code of Civil Procedure section 1094.5 "is to be utilized in all cases in which review of a final adjudicatory order is sought by mandate and the three indicated elements [(1) a hearing is required to be given, (2) evidence is required to be taken, and (3) discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer] are present." (*Anton, supra,* at p. 814.)

The parties have implicitly conceded the presence of the three statutory elements. The collective bargaining agreement provides for a "Board of Adjustment" (grievance committee) consisting of two members selected by the union and two by the employer to resolve the grievance or dispute. It further provides that "the findings of this Board shall be binding" on both parties and that "the decision of the Board shall be by a majority." In supplemental briefs the parties liken the grievance hearing to an arbitration proceeding governed by title 9 of part 3 of the Code of Civil Procedure.

---

[4]The bill originally dealt with statutory undertakings for costs in certain legal actions. It was amended on May 14, 1979, to delete all other original matter and add clause (4) to subdivision 2 of section 47. The digest refers to *Hackethal* and confirms the intent to confer an absolute privilege on the type of quasi-judicial proceedings with which *Hackethal* was concerned.

(Code Civ. Proc., § 1280 et seq.) However, the collective bargaining agreement specifically provides that a grievance or other dispute may only be submitted to arbitration before an impartial arbitrator if not resolved by the board of adjustment. ██ Hence, in many instances the parties will be bound by the decision with no right of arbitration, appeal or judicial review other than by mandate.[5]

██ We do not suggest that every decision of a grievance committee operating under similar contracts is so reviewable. However, when the decision of such a tribunal affects a fundamental right such as the right to employment, California courts have historically intervened to insure that the loss of that right was accomplished through a procedure that was fundamentally fair. (*Anton* v. *San Antonio Community Hosp.*, *supra*, 19 Cal.3d 802; *Pinsker* v. *Pacific Coast Society of Orthodontists* (1974) 12 Cal.3d 541 [116 Cal.Rptr. 245, 526 P.2d 253]; *Thorman* v. *Intl. Alliance etc. Employees* (1958) 49 Cal.2d 629 [320 P.2d 494], overruled on other grounds in *Consolidated Theatres, Inc.* v. *Theatrical Stage Employees Union* (1968) 69 Cal.2d 713 [73 Cal.Rptr. 213, 447 P.2d 325]; *Cason* v. *Glass Bottle Blowers Assn.* (1951) 37 Cal.2d 134 [231 P.2d 6, 21 A.L.R.2d 1387]; *James* v. *Marinship Corp.* (1944) 25 Cal.2d 721 [155 P.2d 329, 160 A.L.R. 900]; see also *Frink* v. *Prod* (1982) 31 Cal.3d 166, 174-175 [181 Cal.Rptr. 893, 643 P.2d 476].)

██ Consequently, we conclude that section 47, subdivision 2, affords an absolute privilege to statements made during and as part of a grievance procedure hearing which is reviewable by mandate. The wisdom of affording such a privilege was stated by Justice Tobriner: "The important public policy served by according witnesses an absolute privilege against defamation actions is not difficult to ascertain. As one tribunal explained more than a century ago, the absolute testimonial privilege 'was established, not for the benefit of witnesses, but for that of the public and the advancement of the administration of justice, to prevent witnesses from being deterred by the fear of having actions brought against them from coming forward and testifying to the truth.' [Citations.]"[6] (*Hackethal* v. *Weissbein*, *supra*, 24 Cal.3d 55, 65; dis. opn.)

The privilege also necessarily precludes the cause of action for intentional infliction of emotional distress. (*Kilgore* v. *Younger* (1982) 30 Cal.3d 770,

---

[5] If the hearing is viewed as being prefatory to arbitration proceedings pursuant to title 9 of part 3 of the Code of Civil Procedure (Code Civ. Proc., § 1280 et seq.), it is absolutely privileged as a statement made during judicial or official proceedings authorized by law. This privilege attaches if "the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law." (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718].)

[6] Identical reasons were advanced by supporters of Assembly Bill No. 478.

777 [180 Cal.Rptr. 657, 640 P.2d 793]; *Flynn* v. *Higham* (1983) 149 Cal.App.3d 677, 681-682 [197 Cal.Rptr. 145]; *Lerette* v. *Dean Witter Organization, Inc.* (1976) 60 Cal.App.3d 573, 579 [131 Cal.Rptr. 592].)

In light of our holding, we need not address defendants' remaining contentions.

The judgment is affirmed.

Low, P. J., and King, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 8, 1984.