[Crim. No. 1574. First Appellate District, Division Two.—February 26, 1930.]

In the Matter of the Application of LOVREN J. HERRIFF for a Writ of Habeas Corpus.

Milton T. U'Ren for Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—This application involves the question as to when the term of the imprisonment of the petitioner expired or will expire. The petitioner was convicted of issuing a check with intent to defraud and was sentenced to serve the term provided by law in a state prison. He was received at the prison September 4, 1922. His term was fixed at ten (10) years on July 14, 1923. The credits which he earned amounted to three (3) years and six (6) months. Nothing to the contrary appearing, his term would have expired March 4, 1929. He was granted parole September 11, 1927. Thereafter he was constructively a prisoner till the end of his term—a prisoner outside of the prison walls instead of inside. His term commenced from the date he was received at the prison. It ran uninterruptedly thereafter except as otherwise provided by statute or the rules of the board of directors of the prison enacted pursuant to statutes authorizing the enactment of said rules. It is not contended that said term was interrupted by the provisions of any statute. ■ However, it is contended that the term was interrupted by an order made by the prison board. On February 9, 1929, that board made an order which recited certain facts evidencing a violation of parole and concluding "On motion duly made and carried, it was ordered that the above-named prisoner's parole heretofore granted, be suspended pending investigation of the complaint filed, and that the prisoner be retaken and returned to actual custody to abide the further order of the

board.'' No ''further order'' was made by the board. Conceding, without deciding, that this order was within the power of the prison board, the effect of it was to terminate, at least for the time being, the right of the petitioner to be outside of the prison walls during the remainder of his term. It did not *ex vi termini* purport to cancel any credits. The statute authorizes the prison board, for violations of parole, to cancel credits (Stats. 1915, p. 981). But that statute provides that such cancellation shall not take place until a hearing before the board has been had (sec. 1½). In the meantime, while it is clear the right to be outside of the prison walls may be terminated, the statute is silent regarding the running of the term. Therefore the petitioner's term ran on without interruption and terminated on March 4, 1929. ██ From January 9, 1929, and down to the date of the filing of this petition the petitioner has been in the custody of the peace officers in San Francisco by reason of certain other alleged offenses. But our statutes do not contain any provisions to the effect that imprisonment, on such new charges, has any effect on the term of imprisonment on which the prisoner was on parole. The record does not show any facts and counsel cite no law showing or tending to show that, at least temporarily, the petitioner could not, on February 9, 1929, or immediately thereafter, have been taken before the prison board to have a hearing on the question as to whether his credits should be canceled. If it had been done and the credits had been canceled, thereupon the petitioner could have been sent back to San Francisco to stand trial or he could have been retained at the prison to serve out such unexpired term. But, in following that procedure, all would have been done as provided by law and during and within the proper times. However, after the petitioner's term as fixed by law has expired, such matters may not now be inquired into for the purpose of reviving a part of the term which has expired. (*Ex parte Wadleigh,* 82 Cal. 518, 521 [23 Pac. 190].)

The prisoner is discharged.

Nourse, Acting P. J., and Dooling, J., *pro tem.,* concurred.