The record in this cause shows that the above-named Roy Rodgers, a person having suffered three prior convictions for felonies, was on the twenty-first day of June, 1928, found guilty of violating section 2 of chapter 339 of the Statutes of 1923, for which offense he was sentenced *Page 371 
to the state prison at Folsom. Thereafter, and on the second day of September, 1931, the state board of prison terms and paroles fixed the term of imprisonment of said Roy Rodgers, as punishment for the offense of which he had been convicted, at fifteen years. Thereafter, and on or about the seventh day of October, 1931, the board of prison terms and paroles granted to said Roy Rodgers parole for the period of the last two years of said sentence, and at the same time, for meritorious service rendered to said institution, additional credits of six months.
[1] Upon this hearing it is not denied or contended that if the petitioner's contention as to the construction which should be given to the law under which Roy Rodgers was convicted and sentenced, is correct, his term of imprisonment expired on the twenty-fourth day of August, 1931, and that he is now entitled to his liberty.
The section of the act under which Rodgers was convicted relates to the carrying of firearms by aliens and ex-convicts, and so far as pertinent here reads as follows: "On and after the date upon which this act takes effect, no unnaturalized, foreign-born person, and no person who has been convicted of a felony . . . shall own or have in his possession or under his control or custody, any pistol, revolver or other firearm capable of being concealed upon his person. . . . Any person who shall violate the provisions of this act shall be guilty of a felony, and upon conviction thereof, shall be punishable by imprisonment in the State Prison for not less than one year, nor more than five years."
It will thus be seen that the act applies specifically to two classes of persons — convicts and unnaturalized, foreign-born persons — and constitutes a substantive offense in and of itself, for the punishment of which imprisonment is specified for a period of from one to five years. This offense, so far as section 2 is concerned, has no relation to, and is not dependent upon any other act or offense committed by the proscribed persons. No other penalty is affixed for the carrying of a concealed weapon, the evident intent of the legislature being that public safety requires that certain classes of people go unarmed.
After providing that certain classes of persons should refrain from the carrying of concealed weapons, the legislature having in mind that anyone committing a felony, such *Page 372 
for instance, as burglary or robbery, going armed, would do so with the intent of killing anyone who should interrupt or attempt to interrupt the commission of such offense, or who, after committing a felony, to which a severe penalty is attached, would, if armed, resist arrest even to the extent of taking life, provided additional penalties which should be added to the penalties otherwise specified in the codes as penalties for the offenses for which such person is arrested, prosecuted and convicted. Thus, if a person armed with a deadly weapon, should commit a burglary, under such circumstances, in addition to the penalty provided for the offense of burglary, there should be added an additional term of imprisonment graduated according to the previous offenses, if any, of which the person prosecuted for burglary, or other felony, may have been convicted. This we think clear from the reading of section 3 of the act to which we have referred, to wit: "If any person shall commit or attempt to commit any felony within this state, while armed with any of the weapons mentioned in section 1 hereof, or while armed with any pistol, revolver, etc., . . . upon conviction of such felony, or of an attempt to commit such felony, he shall, in addition to the punishment prescribed for the crime for which he has been convicted, be punishable by imprisonment in the state prison for not less than 5, nor more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted, and shall not run concurrently with such sentence." It is then provided that in dealing with ex-convicts there shall be an added period of time in the sentence. This section and the sections of the code which are amendatory thereof, relate to the conviction not of the offense of carrying a concealed weapon, but of the felony for which the accused is prosecuted. Thus, using the illustration of burglary, it relates to the offense of burglary for which the defendant is arrested, prosecuted and convicted. It is not an added punishment for the carrying of a concealed weapon, as provided for in section 2. Section 2 of the act provides its own punishment for an ex-convict. The words in the statute "armed with a deadly weapon at the time of his commission of the offense", refers to the time of commission of the felony, for example, burglary, for which *Page 373 
the defendant is prosecuted and convicted, and does not refer to his conviction for the separate and distinct offense of carrying a concealed weapon. Thus, in order to make the defendant liable to the added penalty, it is necessary that the defendant, at the time of the commission of the burglary, was armed with a deadly weapon, or at the time he was arrested for the commission of the crime of burglary, he was likewise armed with a deadly weapon. It does not mean that an ex-convict arrested and prosecuted for the simple offense of carrying a concealed weapon, shall have added to his punishment any of the periods provided for in what was originally section 3 of the act of the legislature, approved June 13, 1923, or the provisions of the Penal Code enacted since said date.
The words found in one of the paragraphs of section 1168 of the Penal Code, to wit: "but the following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding in other provisions of this code, or any provision of law specifying a lesser sentence" — do not modify, amend, change or in any manner whatsoever limit or enlarge the language of section 2 of the act of the legislature approved June 13, 1923, under which Roy Rodgers in this case stands convicted. All that is said after the words which we have quoted in section 1168 of the Penal Code relates only to added penalties which are affixed in the event that the defendant was armed at the time of committing the principal offense for which he was arrested, prosecuted and convicted, or was so armed at the time he was arrested for the commission of such principal offense, and not to an arrest for simply carrying a concealed weapon, and being a member of the proscribed class.
Subdivision "B" of section 1168 (4) of the Penal Code as it now reads enforces the interpretation which we are here giving to the statute and code provisions. Subdivision "B" reads: "For a person previously convicted of a felony, either in this state or elsewhere, and armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, 15 years," explicitly stating that the defendant must be armed with a deadly weapon at the time of the commission of the principal offense for which he is arrested, prosecuted and convicted, or must be so armed at the time he is arrested for *Page 374 
the commission of the principal offense for which he is prosecuted and convicted.
It follows from what we have said that Roy Rodgers, in whose behalf this petition for a writ of habeas corpus is prosecuted, has served, in view of the credits allowed him, the maximum period of time for which he could be legally sentenced, and he is now entitled to his discharge; and that the prayer of the petition for a writ of habeas corpus on his behalf should be granted. And it is so ordered.
Preston, P.J., and Thompson (R.L.), J., concurred.
A petition for a rehearing of this cause was denied by the District Court of Appeal on March 14, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.