[Crim. No. 4519. In Bank. Mar. 1, 1944.]

In re EARL VIER SHULL, on Habeas Corpus.

Earl Vier Shull, in pro. per., for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

CARTER, J.—Petitioner seeks his release from Folsom prison on the ground that he has completed his term of imprisonment.

Petitioner was charged with two crimes in two counts in an information. It was alleged in the first count that he had committed an assault with a deadly weapon, a pistol capable of being concealed upon the person, which he had no permit to carry, a violation of section 245 of the Penal Code; that he was in possession of a deadly weapon at the time of his arrest; and that previously he had been thrice convicted of felonies in Michigan. In the second count it was alleged that he, having suffered three prior felony convictions in Michigan, was in possession of a deadly weapon, the pistol. That count was based upon the Deadly Weapons Act. (Stats. 1923, p. 696, sec. 2; Deering's Gen. Laws, 1937, Act 1970.) He was found guilty as charged on both counts, except that only two prior convictions were found under the second count. He was sentenced to state prison by the judgment for the term prescribed by law under both the first and second counts, the terms to run concurrently.

Petitioner was received at the prison on March 28, 1937. On March 14, 1939, the Board of Prison Terms and Paroles, pursuant to the authority vested in them (Pen. Code, sec. 1168; now Pen. Code, secs. 3000-3025), fixed petitioner's term on the first count at ten years. That was authorized by section 245 of the Penal Code, which states:

"Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment." Section 1168(2)(b) of the Penal Code (now sec. 3024(b)) states that:

"The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence: (a) For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years; (b) *For a person previously convicted of a felony either in this State or elsewhere, and armed with a deadly weapon, either at the*

*time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, 10 years; . . ."* (Emphasis added.)

The board fixed his term at five years under the second count. Section 2 of the Deadly Weapons Act provides that no person who has been convicted of a felony shall have in his possession a pistol and that anyone violating the act shall be punished by imprisonment in the state prison for a term not exceeding five years.

The foregoing terms under the first and second counts were fixed to run concurrently and it is conceded by respondent that with the credit allowances available petitioner has served those terms and would be entitled to release. However, under the first count the board fixed an additional term of five years to run consecutively, thus making fifteen years in all. That additional term was imposed under section 3 of the Deadly Weapons Act, which reads in part as follows:

"If any person shall commit or attempt to commit any felony within this state while armed with any of the weapons mentioned in section one hereof or while armed with any pistol, revolver or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm as hereinafter provided, upon conviction of such felony or of an attempt to commit such felony, he shall *in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor for more than ten years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence."* (Emphasis added.) (Stats. 1923, p. 696; Act 1970, Deering's Gen. Laws.) The weapons mentioned in section one of the act are: ". . . a black-jack, slungshot, billy, sand-club, sand-bag, or metal knuckles, . . . or . . . concealed upon his person any dirk or dagger, . . ."

It is contended by petitioner that the imposition of the additional five-year term under section 3 of the act is double punishment and jeopardy because the integral part of both assault with a deadly weapon and being armed with such weapon when the felony is committed is the same; that section 2 does not apply in a case where the basic offense is assault with a deadly weapon; and that the court, not the board, should have fixed the punishment.

The court properly imposed the sentence for the term prescribed by law under both counts and determined that they should run concurrently. (See Pen. Code, secs. 1168, 669.) It is clear that the board was authorized to fix a term of ten years on the first count and five years on the second count, to run concurrently. Such authority is given by section 1168, now 3024, of the Penal Code. The court declared that the terms imposed under counts one and two should run concurrently, hence whether the term under the first count was ten years or fifteen years if the added five years was proper, the terms under the two counts would run concurrently. It cannot be said that it should have determined whether the added five-year term should run concurrently or consecutively. The provisions of section 3 of the act do not create a separate offense. They merely impose additional punishment for the felony committed, when armed with the weapons mentioned. (*See In re Rodgers,* 121 Cal.App. 370 [9 P.2d 223].) The imposition of the imprisonment under section 3 is *additional* and must be made *consecutive* to the term imposed for the felony committed. It is mandatory. Hence, there is no discretion reposed in the court under section 669 of the Penal Code to determine whether the additional term shall run concurrently or consecutively. The court in imposing, as it should, the term prescribed by law necessarily embraced therein the law as stated in section 3. Facts were found by the court placing petitioner within section 3. It follows that if section 3 is valid and applies in the instant case the board properly fixed the additional five-year term to run consecutively.

We do not believe, however, that the Legislature intended that section 3 of the Deadly Weapons Act should be applied where the felony of which the person stands convicted is that of assault with a pistol under section 245 of the Penal Code. The subject of the latter section (heretofore quoted) has been in the law of this state since 1850. (Stats. 1850, ch. 99, sec. 50.) The language at that time was substantially the same as now, the subject being assault with a deadly weapon. The maximum penalty was imprisonment for two years. It was amended in 1855 (Stats. 1855, ch. 82), made a part of the Penal Code in 1872, and amended in 1873 (Stats. 1873-74, p. 428), without substantial change with regard to the portion here pertinent. In 1921 it was

amended to increase the maximum penalty to ten years' imprisonment, the same as at present. (Stats. 1921, p. 86.) It was amended in 1933, but no substantial change was made. (Stats. 1933, p. 2216.) The Deadly Weapons Act was adopted in 1923 (Stats. 1923, p. 695), and although other sections of the act have been amended, section 3 has been left unchanged. It is apparent that section 245 of the Penal Code is a specific provision. It defines and determines the punishment for a specific kind of a crime, assault with a deadly weapon, in the instant case, a pistol. On the other hand, section 3 of the Deadly Weapons Act which imposes the additional penalty refers to no particular crime, but purports to require an added punishment for felonies generally where the one committing the same is armed with a pistol or the other weapons designated therein and in section 1. ▆ It is the general rule that a special statute controls over a general statute. (23 Cal.Jur. 706-708.) ▆ It is not unreasonable to suppose that the Legislature believed that for felonies in which the use of a gun was not one of the essential factors, such as rape, larceny, and the like, an added penalty should be imposed by reason of the fact that the defendant being armed with such a weapon would probably be more dangerous because of the probability of death or physical injury being inflicted by the weapon. Hence, such a condition would be reasonable grounds for increasing the penalty where felonies are involved which do not include as a necessary element being armed with a pistol. The Legislature has by other acts imposed an increased punishment where the only additional factor, being armed with a deadly weapon, is present. The only difference between a simple assault and one with a deadly weapon is the latter factor. The commission of a simple assault is declared a misdemeanor, and the punishment therefor is a fine of not over $500 or imprisonment in the county jail for six months, or by both. (Pen. Code, secs. 240, 241.) When there is added to the assault the use of a deadly weapon the punishment is increased to imprisonment in the state prison not exceeding ten years or in the county jail not exceeding one year or a fine not exceeding $5,000 or by both fine and imprisonment (Pen. Code, sec. 245), and if section 1168(2)(a) or 3024(a) is applicable and the weapons therein mentioned are used the minmium term is fixed at five years where the perpetrator is not one previously convicted of a felony.

Briefly, the Legislature has fixed the punishment for an assault where a deadly weapon is used, a particular crime, and it is not to be supposed that for the same offense without any additional factor existing the added punishment should be imposed. In felonies where a deadly weapon is not a factor in the offense, the additional punishment is imposed by section 3 of the Deadly Weapons Act, because of the additional factor of a deadly weapon being involved.

The foregoing view of the legislative intent is further fortified by the very wording of section 3. It refers to the commission of a felony as *complete in itself* and then *adds* "while armed" with a pistol. The felony of assault with a deadly weapon would not be complete in itself unless the element of the weapon were present. Hence, there is no occasion for *adding* the weapon factor.

The foregoing conclusion finds support in *In re Rodgers,* 121 Cal.App. 370 [9 P.2d 223]. In that case defendant was charged with and convicted of violating section 2 of the Deadly Weapons Act, that is, possession of a pistol by one having been previously convicted of a felony, a crime which is declared to be a felony punishable by not less than one nor more than five years' imprisonment in the state prison. The Board of Prison Terms and Paroles imposed a term of fifteen years. The court held that such term was not authorized, stating at page 372:

"This section [referring to section 3 of the Deadly Weapons Act] and the sections of the code which are amendatory thereof, relate to the conviction not of the offense of carrying a concealed weapon, but of the felony for which the accused is prosecuted. Thus, using the illustration of burglary, it relates to the offense of burglary for which the defendant is arrested, prosecuted and convicted. It is not an added punishment for the carrying of a concealed weapon, as provided for in section 2. Section 2 of the act provides its own punishment for an ex-convict. The words in the statute 'armed with a deadly weapon at the time of his commission of the offense,' refers to the time of commission of the felony, for example, burglary, for which the defendant is prosecuted and convicted, and does not refer to his conviction for the separate and distinct offense of carrying a concealed weapon. Thus, in order to make the defendant liable to the added penalty, it is necessary that the defendant, at the time of the commission of the burglary, was

armed with a deadly weapon, or at the time he was arrested for the commission of the crime of burglary, he was likewise armed with a deadly weapon. It does not mean that an ex-convict arrested and prosecuted for the simple offense of carrying a concealed weapon, shall have added to his punishment any of the periods provided for in what was originally section 3 of the act of the Legislature, approved June 13, 1923, or the provisions of the Penal Code enacted since said date.

''The words found in one of the paragraphs of section 1168 of the Penal Code, to wit: 'but the following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence'—do not modify, amend, change or in any manner whatsoever limit or enlarge the language of section 2 of the act of the legislature approved June 13, 1923, under which Roy Rodgers in this case stands convicted. All that is said after the words which we have quoted in section 1168 of the Penal Code relates only to added penalties which are affixed in the event that the defendant was armed at the time of committing the principal offense for which he was arrested, prosecuted and convicted, or was so armed at the time he was arrested for the commission of such principal offense, and not to an arrest for simply carrying a concealed weapon, and being a member of the proscribed class.

''Subdivision 'B' of section 1168(4) of the Penal Code as it now reads enforces the interpretation which we are here giving to the statute and code provisions. Subdivision 'B' reads: 'For a person previously convicted of a felony, either in this state or elsewhere, and armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, 15 years,' explicitly stating that the defendant must be armed with a deadly weapon at the time of the commission of the principal offense for which he is arrested, prosecuted and convicted, or must be so armed at the time he is arrested for the commission of the principal offense for which he is prosecuted and convicted.''

The record discloses that petitioner was entitled to certain credits for good behavior which were allowed him by the Board of Prison Directors. The allowance of these credits had the effect of reducing his term so that he was entitled to

his release except for the additional five-year term imposed under section 3 of the Deadly Weapons Act. After the expiration of his term as so reduced, petitioner violated a regulation of the prison and all of his credits were declared forfeited. In declaring such forfeiture the board exceeded its authority. By reason of the allowance of credits, under the correct interpretation of the law, petitioner's term as reduced had expired and he was entitled to his discharge before the act upon which the forfeiture was based occurred. Section 2940 of the Penal Code provides that a prisoner shall be discharged upon completion of his term as fixed by the board. Section 2942 states that the discharge date mentioned in section 2940 "shall be shortened to the extent of any time credits allowed and not forfeited." It has been held that once a prisoner has been allowed credits and by reason thereof his reduced term has expired, his term, as not reduced, may not thereafter be revived by a forfeiture of credits for conduct occurring after the expiration of his reduced term. (*Ex parte Ray*, 18 Okla.Cr. 167 [193 P. 635]; *Henratty v. Zerbst*, 9 F.Supp. 230; see *Christianson* v. *Zerbst*, 89 F.2d 40; *In re Herriff*, 104 Cal.App. 222 [285 P. 927].) In *In re Taylor*, 216 Cal. 113 [13 P.2d 906], the conduct occurred prior to the expiration of the reduced term, but the order of forfeiture was made afterward.

For the foregoing reasons the petitioner is ordered discharged from custody.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.