[Crim. No. 5307.   First Dist., Div. Three.   Dec. 22, 1965.]

In re ROBERT L. ALLEN on Habeas Corpus.

Lin B. Densmore for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Kraetzer, Deputy Attorneys General, for Respondent.

DRAPER, P. J.—Sentenced to consecutive terms on two felony convictions, petitioner and a codefendant entered prison September 12, 1960. Information, verdict and judgment all describe the offenses as (1) "conspiracy to commit the crime of theft" (Pen. Code, § 182.4), and (2) "attempted grand theft" (Pen. Code, §§ 664 and 487.1). On March 26, 1963, the Adult Authority fixed petitioner's consecutive terms at two years nine months and five years. He

was paroled April 19, 1963, but parole was cancelled March 5, 1964, and his terms refixed at maximum.

His petition for habeas corpus asserts that he is being punished twice for a single offense. The trial transcript shows that he and his codefendant sought unsuccessfully to mulct one Compton of $500 by a "bunco game" ruse. The codefendants made but a single effort to get this sum. It follows that but one punishment could properly be imposed (Pen. Code, § 654; *Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]), and the People so concede.

The double punishment is to be cured by eliminating the sentence for the offense which carries the lesser punishment (*People* v. *McFarland,* 58 Cal.2d 748, 762-763 [26 Cal. Rptr. 473, 376 P.2d 449]). The penalty under the conspiracy count is disputed. Conspiracy to commit grand theft carries a sentence of 1 to 10 years (Pen. Code, §§ 182, 489). Petitioner points to the language of information, verdict and judgment, all of which refer only to "conspiracy to commit the crime of theft," without specifying "grand" theft. Thus, he says, his sentence is but for conspiracy to commit petty theft, which carries a maximum term of three years (Pen. Code, § 182). We are unimpressed. The case was tried, and affirmed on appeal (*People* v. *Allen,* 189 Cal.App.2d 706 [11 Cal.Rptr. 440]), on the clear understanding of all parties that the charged conspiracy was to commit grand theft. The evidence showed a single effort to take $500, well above the grand theft limit (Pen. Code, § 487, subd. 1). Attempted grand theft is punishable by imprisonment for six months to five years. (Pen. Code, §§ 664, 487, 489.) Thus it is that sentence which must be vacated.

This but brings us to the more difficult legal issue. There is room to infer that in March 1963, when the Adult Authority fixed the terms at two years nine months and five years, it was misled by the error of a clerk of the prison reception center, and deemed the maximum term on the conspiracy count to be three years. Thus it is argued that the term of two years nine months was assigned to the conspiracy count, and that term had expired before the March 1964 parole cancellation and the concurrent refixing at maximum. When the term fixed by the authority has expired, it cannot be refixed at maximum for an act done after its expiration (*In re Shull,* 23 Cal.2d 745 [146 P.2d 417]).

But this argument assumes that an inmate confined under consecutive sentences is serving a series of distinct terms.

Under the true rule applicable to the problem here presented, he is serving a single continuous term. (*In re Cowen,* 27 Cal.2d 637 [166 P.2d 279]; *In re Byrnes,* 32 Cal.2d 843 [198 P.2d 685]). As pointed out in detail in *Cowen,* this rule best serves the purpose of our indeterminate sentence law and parole system, which are jointly designed to facilitate rehabilitation and to serve the interests of both the public and the prisoner by keeping some protective restraints upon the parolee until he has demonstrated his ability to return to an orderly role in society.

It would be but speculation to assume that the authority, ignoring this long-established rule of law, assigned specific terms to separate offenses, fixed the order of their service, and deliberately minimized the maximum period on parole for the greater offense.

Neither the continuous term of seven years nine months fixed by the authority's 1963 action nor the maximum statutory term for either of the offenses for which petitioner was sentenced had expired in 1964 when his term was refixed at maximum. It follows that the refixing order was valid, and petitioner is properly imprisoned for a maximum term which will expire 10 years from September 12, 1960 subject, of course, to the authority's power to reduce it.

The sentence for attempt is stricken. In all other respects, the order to show cause is discharged and the writ denied.

Salsman, J., and Devine, J., concurred.