[Civ. No. 42694. First Dist., Div. Three. Nov. 28, 1978.]

RAYMOND EARL CRANDELL, Plaintiff and Appellant, v. DAVID H. FOX, as Real Estate Commissioner, etc., Defendant and Respondent.

**COUNSEL**

Dean M. Spellman for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Charles X. Delgado, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**FEINBERG, Acting P. J.**—Appellant appeals from a judgment denying his petition for a writ of mandate. In his petition for a writ of mandate in the court below, appellant sought, inter alia, an order compelling the Real Estate Commissioner to reinstate his theretofore revoked real estate salesman's license.

*The Facts*

On September 6, 1973, appellant, the holder of a real estate salesman's license (license), following his conviction on charges of conspiracy to commit grand theft (Pen. Code, § 182, subd. 1) and grand theft (Pen. Code, §§ 484-487, subd. (1)) was placed on probation for four years as a condition of which he was to serve one year in the county jail. Certain other conditions of probation were imposed; for our purposes it is not necessary to detail them.

Effective May 14, 1974, the Real Estate Commissioner (Commissioner) revoked appellant's license on account of appellant's convictions set forth above.

On August 4, 1976, on recommendation of the probation department, the superior court terminated appellant's probation, reduced the offense

to a misdemeanor pursuant to Penal Code section 17 and dismissed the information pursuant to Penal Code section 1203.4.

Thereafter, on or about October 16, 1976, appellant petitioned the Commissioner for reinstatement of his license pursuant to Government Code section 11522.[1]

On January 26, 1977, the Commissioner issued his order, stating that appellant "has failed to demonstrate to my satisfaction that he has undergone sufficient rehabilitation to warrant the reinstatement of his . . . license" and denying appellant's petition for reinstatement.

Thereupon, appellant filed a petition in the superior court for a writ of mandate compelling the Commissioner to reinstate his license.

The trial court concluded that appellant here was neither entitled to a trial de novo nor to submit evidence not a part of the record before the Commissioner, but that the "substantial evidence" rule of review applied.

The trial court made certain specific findings of fact based on the record made before the Commissioner and concluded that the Commissioner had not abused his discretion in denying reinstatement of appellant's license. The trial court then denied the petition.

On appeal, appellant advances a number of contentions. We deal with them seriatim.

I. *Appellant was entitled to a trial de novo
in his petition for writ of mandate.*

■ Appellant is in error. An applicant for reinstatement of a license "has no greater rights than a person seeking an original license." (*Housman* v. *Board of Medical Examiners* (1948) 84 Cal.App.2d 308, 312 [190 P.2d 653, 192 P.2d 45].) ■ The law is settled that "In a case

[1]Government Code section 11522, hereinafter referred to as section 11522, reads as follows: "A person whose license has been revoked or suspended may petition the agency for reinstatement or reduction of penalty after a period of not less than one year has elapsed from the effective date of the decision or from the date of the denial of a similar petition. The agency shall give notice to the Attorney General of the filing of the petition and the Attorney General and the petitioner shall be afforded an opportunity to present either oral or written argument before the agency itself. The agency itself shall decide the petition, and the decision shall include the reasons therefor. This section shall not apply if the statutes dealing with the particular agency contain different provisions for reinstatement or reduction of penalty."

involving the agency's initial determination whether an individual qualifies to enter a profession or trade the courts uphold the agency decision unless it lacks substantial evidentiary support. . . ." (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 146 [93 Cal.Rptr. 234, 481 P.2d 242].)

The cases relied upon by appellant either involve judicial review of a revocation of a license where concededly the rule of review is different (*Drummey* v. *State Bd. of Funeral Directors* (1939) 13 Cal.2d 75 [87 P.2d 848]), or cases where the court specifically distinguished the case at bench from business or professional license cases (*Thomas* v. *California Emp. Stab. Com.* (1952) 39 Cal.2d 501 [247 P.2d 561]), or are cases where the granting of a state license was not even remotely in issue (*Bautista* v. *Jones* (1944) 25 Cal.2d 746 [155 P.2d 343]; *Internat. Sound Technicians* v. *Superior Court* (1956) 141 Cal.App.2d 23 [296 P.2d 395].)

We conclude that the trial court applied the appropriate standard of review, i.e., substantial evidence.

II. *The Commissioner's order denying reinstatement of appellant's license did not comply with Government Code section 11522 in that the Commissioner did not state his reasons for denial.*

■ Section 11522 provides in relevant part that on a petition for reinstatement of a license that has been revoked or suspended, "[t]he agency itself shall decide the petition, and *the decision shall include the reasons therefor.*" (Italics added.)

In the case at bench, the only reason given by the Commissioner in his order denying appellant's petition for reinstatement was that appellant "failed to demonstrate to my (Commissioner's) satisfaction that he has undergone sufficient rehabilitation to warrant the reinstatement . . . ."

The trial court, in addition to its findings of fact, made special findings. One of the special findings is a finding that the Commissioner's order denying reinstatement was in compliance with section 11522. If this "finding" purports to be a finding that the order adequately states the reasons therefor as required by section 11522, then it is not a finding of fact but is a naked conclusion of law. As a conclusion of law, we are not in any sense bound by it. If this "finding" relates to some other aspect of section 11522, then it is not relevant to our inquiry here.

■ Two purposes for the Legislature mandating a statement of reasons for the decision of an agency proceeding under section 11522 immediately present themselves. *First,* a statement of reasons enables a reviewing court to determine *why* the agency did what it did and, in that light, examine the administrative record to ascertain whether there is substantial evidence to support the decision. *Second,* a statement of reasons advises the rejected petitioner for reinstatement what his deficiencies are and, therefore, tells him what he should do to make a subsequent petition meritorious.

■ Measured by these purposes, the Commissioner's reason for denial, i.e., that appellant's rehabilitation had not been proven to "his satisfaction" is, in our view, deficient.

*First,* how can a court review this record to ascertain what evidence there is to support the *reason* for the decision? It will not do for the trial court to find in the record *its* reasons why reinstatement of the license could be denied, for the decision to reinstate or not to reinstate is vested in the Commissioner. It is the Commissioner's reasons that must not be arbitrary or unreasonable, and unless he tells what his reasons are, as the Legislature has directed in section 11522, a court cannot adjudge whether he has acted arbitrarily or capriciously in light of the record.

*Second,* what about appellant? Having been denied reinstatement, he decides that he will apply again in a year. How does he know but that next year, despite his best efforts, the Commissioner will still not be "satisfied" that there has been rehabilitation since he does not know why the Commissioner is not "satisfied" in the first instance. Given reasons for the Commissioner's lack of satisfaction, the petitioner could at least try to overcome them in the interim before petitioning once again.

In short, to exercise a wide discretion, as the Commissioner has, to deny appellant's petition because appellant's rehabilitation had not been proved to the Commissioner's "satisfaction" without any further reason frustrates the legislative intent manifest in section 11522.

We conclude that the Commissioner's order denying reinstatement is defective under section 11522 and that, on account thereof, the trial court erred in not remanding the matter to the Commissioner for the purpose of specifying the reason or reasons for the denial.[2]

---

[2]Code of Civil Procedure section 1094.5, subdivision (e), provides: "(e) The court shall enter judgment either commanding respondent to set aside the order or decision, or

III. *Did the Commissioner act in a capricious,*
 *arbitrary and unreasonable manner in denying*
 *appellant's petition for reinstatement?*

From our discussion above, it is obvious that since we do not know the reasons for the Commissioner's action, we cannot say whether or not his action was arbitrary, nor can we say as a matter of law on the record before us that appellant was or was not entitled to reinstatement. While the showing of rehabilitation appellant made before the Commissioner seems substantial, reinstatement of the license is addressed, as we have noted, to the discretion of the Commissioner, not the courts. Consequently, we address the question no further.

IV. *Was the probation report prepared in*
 *connection with appellant's criminal*
 *conviction admissible in evidence before*
 *the superior court on appellant's peti-*
 *tion for writ of mandate?*

We discuss the question only because, if there are further proceedings herein, it may arise again.

█ The trial court, over appellant's objection, admitted the probation report prepared in connection with appellant's sentencing on the criminal conviction. Appellant had objected on two grounds: (1) that the probation report was not a part of the administrative record filed with the court, and (2) that it was irrelevant in that the issue was whether appellant had been rehabilitated in the period *following* his sentence and up to the time of his hearing before the Commissioner on his petition for reinstatement.

As to the first objection, it appears that the Commissioner considered the probation report in coming to his decision and appellant was so informed. Thus, the probation report was a part of the administrative record. As to the second objection, the probation report was clearly relevant for, as respondent points out, one is rehabilitated from something. In order to determine whether rehabilitation has taken place, it is

denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law but the judgment shall not limit or control in any way the discretion legally vested in the respondent."

necessary to know what had been done to require subsequent rehabilitation. In the context of rehabilitation from a course of criminal conduct, a probation report is a particularly appropriate resource to determine the nature, degree and circumstances of the crime as the starting point for determining whether there has been rehabilitation. Thus, there was no error in this regard.

While appellant has raised another issue—the timeliness of his petition for writ of mandate in the court below—it appears to be a false issue since the trial court heard the petition on its merits and respondent has not raised the question on appeal.

Approximately two years will have passed since the proceedings before the Commissioner were had. By reason of that interval of time, appellant may be able to show further progress in rehabilitation and no reason appears why he should be denied that opportunity.

The judgment is reversed with instructions that the order of the Commissioner denying the petition for reinstatement be set aside and the cause remanded to the Commissioner for further proceedings consistent with the views expressed herein.

Halvonik, J., and Parrish, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.