[No. G006277. Fourth Dist., Div. Three. May 30, 1990.]

ARNOLD H. FLANZER, Plaintiff and Appellant, v.
BOARD OF DENTAL EXAMINERS OF CALIFORNIA, Defendant
and Respondent.

**COUNSEL**

Tuohey & Prasse, Conrad G. Tuohey, Gene R. Prasse and Ferdinand V. Gonzales for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and Alan A. Mangels, Deputy Attorney General, for Defendant and Respondent

**OPINION**

**COX, J.**[*]—Appellant Arnold H. Flanzer appeals from a denial of his petition for writ of mandate challenging the propriety of conditions imposed by the Board of Dental Examiners (Board) when Flanzer's application for reinstatement of his license to practice dentistry was granted.

Flanzer's license was revoked effective October 12, 1980, based on Board findings of gross ignorance or inefficiency pursuant to Business and Professions Code section 1670.[1]

---

[*] Assigned by the Chairperson of the Judicial Council.

[1] The factual bases for revocation of Flanzer's license were 59 instances of alleged gross ignorance or inefficiency involving 12 patients and included inadequacies with respect to fillings, crowns, bridge work, failures to provide treatment for dental decay, and unnecessary

Flanzer's first petition for reinstatement of his license was denied. His second petition for reinstatement was granted subject to 11 separate conditions.

Flanzer filed a petition for writ of mandate challenging the Board's jurisdiction to impose conditions on his reinstatement and specifically challenging the propriety of four of the conditions. The trial court concluded the Board lacked jurisdiction to impose any conditions. The Board appealed to this court, and in an unpublished opinion we reversed, holding that under Government Code section 11522 the Board has statutory power to impose conditions upon reinstatement. (*Flanzer* v. *Board of Dental Examiners* (Nov. 13, 1986) G002116.) We remanded so the trial court could consider the reasonableness of the conditions imposed.

On remand, the trial court denied the petition for writ of mandate finding, "the imposition of conditions by the Board of Dental Examiners, and specifically conditions 2, 3, 4 and 6 challenged by petitioner, was not an abuse of discretion nor does the record support that respondent acted arbitrarily."

On this appeal Flanzer contends there was insufficient evidence to support the imposition of conditions and he claims four of the conditions imposed are arbitrary because they "bear no relationship to the deficiencies for which appellant's license was revoked." We affirm the trial court except as to one of the conditions.

DISCUSSION

I

■ Since Flanzer challenges the sufficiency of the evidence in support of the Board's imposition of conditions, we must determine the appropriate standard of review. An applicant for reinstatement of a revoked license is in the same position as a person seeking a license in the first place. (*Crandell* v. *Fox* (1978) 86 Cal.App.3d 760, 763-764 [150 Cal.Rptr. 426]; *Housman* v. *Board of Medical Examiners* (1948) 84 Cal.App.2d 308, 312 [190 P.2d 653].) Accordingly, the trial court and this court are limited to a determination of whether the Board's findings are supported by substantial evidence in light of the whole record. (Code Civ. Proc., § 1094.5, subd. (c); *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 146 [93 Cal.Rptr. 234, 481 P.2d 242]; *Housman* v. *Board of Medical Examiners, supra*, 84 Cal.App.2d at pp. 313, 315.)

---

treatment. The violations occurred in 1975 and 1976. Flanzer was also accused of charging for procedures he did not perform in violation of Business and Professions Code section 1680, subdivision (a), but he prevailed before the Board on those allegations.

Government Code section 11522 provides in pertinent part: "A person whose license has been revoked or suspended may petition the agency for reinstatement or reduction of penalty . . . . The agency shall give notice to the Attorney General of the filing of the petition and the Attorney General and the petitioner shall be afforded an opportunity to present either oral or written argument before the agency itself. The agency itself shall decide the petition, and the decision shall include the reasons therefor, and any terms and conditions that the agency reasonably deems appropriate to impose as a condition of reinstatement. . . ."

■ While there is no requirement that the agency make findings of fact in support of its determination under Government Code section 11522, the Board must state its reasons for either granting or denying reinstatement. (*Crandell* v. *Fox, supra*, 86 Cal.App.3d at pp. 764-765.) Here the Board's findings of fact were a hybrid—part statement of facts and part statement of reasons in support of its decision.[2]

We ignore Flanzer's arguments challenging the factual support for Board findings in support of its decision denying Flanzer's first application for reinstatement. Flanzer did not appeal that decision and it is final and unassailable at this point.

■ Flanzer also appears to argue that in considering an application for reinstatement the Board should be confined to those matters involved in the original license revocation and should not be concerned with a licentiate's subsequent business practices. Thus, he argues, "Neither Appellant's business practices in 1979, nor in 1980, at the time the charges were brought, nor thereafter and subsequent to the revocation, were and could be the subject matter of the proceedings before Respondent or Respondent's regulatory activities. Appellant was not accused of any wrongdoing with respect to his new practice."

---

[2] The Board's findings were as follows: "1. Petitioner presented evidence that he had completed a remedial education course of approximately 60 hours at Loma Linda University. In addition, petitioner presented evidence that he had completed approximately 77 hours of continuing dental education. [¶] 2. In the Board's professional judgment, the above courses alone are not sufficient evidence of petitioner's ability safely to practice dentistry in California. [¶] 3. The above courses do not provide adequate assurance that petitioner's diagnostic skills meet the entry level standards of competency. [¶] 4. Petitioner admitted that his problems arose in part from inattention and from the speed with which he performed procedures. Petitioner has not presented sufficient evidence to assure the Board that he will not return to this manner of practicing dentistry. [¶] 5. Limitation on petitioner's practice are necessary so that there will not be a reoccurrence of petitioner's former problems, which were derived from his manner of practice, and to assure that there will be no pressure from others to complete procedures more speedily or otherwise to interfere with petitioner's professional judgment regarding treatment plans. [¶] 6. Petitioner should be required to perform community services, once his competency has been established, to compensate for violating the public trust placed in him by the State of California."

Flanzer misconceives his burden as well as the Board's duty on an application for reinstatement. As was said by the court in *Housman v. Board of Medical Examiners, supra*, 84 Cal.App.2d, at page 315, "[I]t is important to bear in mind that in a proceeding for the restoration of a revoked license, the burden at all times rests on the petitioner to prove that he has rehabilitated himself and is entitled to have his license restored, and not on the board to prove to the contrary." As an applicant for reinstatement, Flanzer is not in the position of an untried newcomer, but a fallen licentiate. Under the circumstances, it is not unreasonable for the Board to be exacting in its requirements as to proof of reform. It goes without saying that the pertinent issues in the inquiry are Flanzer's activities since revocation of his license and his present qualifications, ability and learning.

To the extent the Board's findings are factual, other than finding number six, they are supported by the evidence and derive, in the main, directly from Flanzer's own testimony.[3] To the extent the findings constitute a statement of reasons for reinstatement on conditions, all except finding number six are supported by the record and represent the professional and expert judgment of the Board in carrying out its statutory authority to evaluate the question of competency for the purpose of licensure. (Bus. & Prof. Code, §§ 1630-1636; Gov. Code, § 11522.) There is no evidence, substantial or otherwise, to support finding number six, the finding that Flanzer should be required to perform community services. We will deal with it in connection with our discussion of the propriety of probationary condition number six.

## II

 We turn then to a discussion of the reasonableness of the challenged conditions of reinstatement, bearing in mind that the courts must accord considerable deference to the Board in such matters. (*Bryce v. Board of Medical Quality Assurance* (1986) 184 Cal.App.3d 1471, 1476.) Condition number two requires Flanzer to take and pass the California State Dental Board examination. The Board has specific statutory power to require as a condition of reinstatement that the licentiate obtain additional training, pass an examination upon completion of training, or do both.[4]

---

[3] Flanzer presented evidence as to the remedial instruction he had taken since revocation of his license. In addition, Flanzer told the Board that the problems leading to revocation of his license were caused by his being rushed and working too fast. At the time of the original accusations (1975-1976) Flanzer was in practice with another dentist and operated eight operatories and sometimes utilized the services of additional part-time dentists. Flanzer told the Board he would accept limitations on the number of associates and operatories involved in a new practice.

[4] Business and Professions Code section 1671 provides in pertinent part: "The board may discipline a licentiate by placing him or her on probation under various terms and conditions,

Flanzer has obtained additional training, and the Board is well within its rights to ascertain if he has absorbed that training and can pass an examination to demonstrate his capabilities. In this manner, the Board fulfills its responsibility to Flanzer's patients assuring that he possesses the requisite knowledge and ability to practice dentistry in California. Demanding that he establish his competency in the time-honored manner of passing the California state dental examination is a burden placed on everyone who desires to practice as a dentist in this state. The Board did not abuse its discretion in requiring this condition to Flanzer's reinstatement.

Under condition number three, Flanzer is required to "engage in solo practice, or alternatively, [to] practice with not more than one professional associate." While testifying before the Board, Flanzer, in effect, solicited this condition. It was Flanzer's position that his problems were caused by being rushed and working too fast. He *agreed* that a condition restricting his practice to a solo practice or practice with one other dentist might help him avoid a feeling of being rushed. Requiring him to practice alone or with only one other dentist is an additional safeguard designed to insure there is no recurrence of the problems which resulted in the initial license revocation. Considering the number and types of violations committed by Flanzer and his own admissions concerning his difficulty in managing a large-scale practice, the Board acted reasonably in imposing this condition. We find no abuse of discretion.

Similarly, we find no fault with the requirement that "within 30 days of resumption of actual practice, [Flanzer] shall have previously submitted in writing to the Board for its approval, and shall have received approval, of his plan for practice which shall include his proposed location, office size, proposed associate's name and background, and such other matters as the Board shall request of him in this regard." The Attorney General does not address this condition in his brief, except to say that it is supported by findings of fact numbers four and five. But Business and Professions Code section 1671, subdivision (c) permits the Board to limit the extent, scope, and type of practice of a licentiate. This restriction is specifically authorized by statute in order that the Board can control the extent of a probationer's practice and ensure it will not burgeon to the point where he would feel rushed or pressured, as Flanzer admittedly did in his former office where he had eight operatories. On its face this condition is not unreasonable.

which may include, but are not limited to, the following: [¶] (a) Requiring the licentiate to obtain additional training or pass an examination upon completion of training, or both. The examination may be written, oral, or both, and may be a practical or clinical examination or both, at the option of the board."

## III

■ The requirement that Flanzer perform community service as a condition of reinstatement presents a different question, however. The Board relies upon the entire record and justifies the imposition of this condition on the "violation of public trust theory." (*Windham* v. *Board of Medical Quality Assurance* (1980) 104 Cal.App.3d 461 [163 Cal.Rptr. 566].) Community service is certainly appropriate in cases where the public trust is violated and the competency of a licentiate who practices a profession is not the question before the Board. In *Windham* a doctor was required to perform 20 hours of community service where the basis for discipline was income tax evasion. Here, even assuming the record supports the violation of public trust theory, finding number six cannot legally support a condition of probation which would require Flanzer to perform community service. The clear language of Business and Professions Code section 1671, subdivision (e) forbids imposition of such a condition with respect to violations relating to the quality of care delivered by the licentiate.[5]

The Attorney General argues Government Code section 11522 permits a reinstatement decision to include any terms and conditions the agency reasonably deems appropriate. Government Code section 11522 is found in the Administrative Procedure Act (Gov. Code, §§ 11340-11528). These sections govern administrative hearings for all agencies in the State of California. Section 11522 is, however, a general statute. And when its broad language is compared with the more specific language found in Business and Professions Code section 1671, it becomes apparent the community service condition cannot be affirmed.[6] Business and Professions Code section 1671, subdivision (e) authorizes "the option of alternative community service in lieu of all or part of a period of suspension in cases other than violations relating to quality of care." Here, Flanzer's license was revoked for incompetence and inefficiency. Business and Professions Code section 1671, subdivision (e) permits the imposition of community service as a condition of reinstatement only in those cases where the discipline is unrelated to the quality of care provided by the dentist. Accordingly, it may not be imposed here.

---

[5] Business and Professions Code section 1671, subdivision (e), provides: "The board may discipline a licentiate by placing him or her on probation under various terms and conditions, which may include, but are not limited to, the following: [¶] . . . [¶] (e) Providing the option of alternative community service in lieu of all or part of a period of suspension in cases *other than violations relating to quality of care*." (Italics added.)

[6] A special statute dealing expressly with a particular subject controls and takes precedence over a conflicting general statute on the same subject. (*In re Shull* (1944) 23 Cal.2d 745, 750 [146 P.2d 417].) The rule applies regardless of whether the special provision is enacted before or after the general one. (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].) A multitude of cases supports these propositions. (See cases collected in 58 Cal.Jur.3d, Statutes, § 109, p. 488 et seq.)

The judgment is reversed and the matter is remanded to the superior court with directions to issue a peremptory writ of mandate ordering the Board to strike condition number six from its order reinstating appellant's license. In all other respects the trial court's judgment is affirmed. Each party is to bear its own costs on appeal.

Wallin, Acting P. J., and Crosby, J., concurred.